UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
In Re
Seecharan Mahadeo and Irma Mahadeo,      Case # 10-47741-jf
Debtors.
-----------------------------------X
Richard E. O'Connell, Trustee in
Bankruptcy, Plaintiff,
          -against-                       Adv #10-1310 jf
Seecharan Mahadeo and Irma Mahadeo,
          Defendants.
-----------------------------------X

**STIPULATION AND ORDER TO SETTLE AND COMPROMISE ADVERSARY PROCEEDING BY DISMISSAL OF BANKRUPTCY CASE WITH PREJUDICE FOR TWO YEARS AND WITHOUT DISCHARGE**

Debtors Seecharan Mahadeo and Irma Mahadeo, by their undersigned attorney Dennis J. O'Sullivan, and Richard E. O'Connell, trustee in bankruptcy, enter into the following Stipulation on November 30, 2011.

**THE REASONS FOR THE STIPULATION**

1.  Debtor/Defendants Seecharan Mahadeo and Irma Mahadeo ("Mr. and Mrs. Mahadeo" or "Debtors" or "Defendants") are spouses, and are the Debtors in this case. Mr. and Mrs. Mahadeo reside at 107-55 110th Street, Richmond Hill, NY 11419. Mr. and Mrs. Mahadeo commenced this case by filing a voluntary Petition under Chapter 7 of the Bankruptcy Code on August 16, 2010.

2.  Plaintiff Richard E. O'Connell (the "Trustee" or "Plaintiff") is the Trustee in Bankruptcy of Mr. and Mrs. Mahadeo. The Trustee commenced this Adversary Proceeding by filing a Complaint on November 12, 2010, seeking pursuant to 11 U.S.C. §§ 727(a)(2)(A) and (B), 727(a)(4)(A), 727(a)(5) and 727(a)(3), to bar Mr. and Mrs. Mahadeo's discharge. A Summons was issued and duly served

on Mr. and Mrs. Mahadeo on November 19, 2010.  Mr. and Mrs. Mahadeo timely filed their Answer on December 4, 2010.

    3.  On July 7, 2011, the Trustee, pursuant to F.R.Bankr.P. 7056 and F.R.Civ.P 56(a), filed a Motion for summary judgment on the First, Second and Fourth Claims of his Complaint, denying Mr. and Mrs. Mahadeo's discharge. With his Motion, the Trustee filed a Statement of Undisputed Facts.  On September 9, 2011, Mr. and Mrs. Mahadeo filed a Joint Affidavit in opposition to the Trustee's Motion.   The hearing on the Trustee's Motion has been held and continued from time to time, most recently to December 15, 2011, in order to allow additional time to Mr. and Mrs. Mahadeo to file a Counter-statement of Undisputed Facts.  Mr. and Mrs. Mahadeo have not, as of the date of this Stipulation, filed such a Counter-statement.

    4.  The Trustee has asserted in his Motion that, no issues of material fact having been raised by Mr. and Mahadeo, he is entitled to judgment as a matter of law, denying Mr. and Mrs. Mahadeo's discharge on grounds that they have:  (1) with intent to hinder, delay or defraud a creditor or the trustee, concealed or permitted to be concealed their own property, within one year before the Filing Date, and property of their bankruptcy estate, after the Filing Date [First Claim, brought pursuant to § 727(a)(2)];  (2) knowingly and fraudulently, in or in connection with the case, made a false oath or account, consisting of their Petition, with its attached Schedules and Statements [Second Claim, brought pursuant to § 727(a)(4(A)];  and (3) failed to keep or preserve – or in the alternative concealed, destroyed or mutilated - records from which their financial condition or business transactions might be ascertained [Fourth Claim, brought

pursuant to § 727(a)(3)].  Mr. and Mrs. Mahadeo have asserted that the Trustee has failed to carry his burden of demonstrating a right to judgment, as a matter of law, denying their discharge.

    5.  The parties are in agreement that continued litigation of the Adversary Proceeding, including completion of proceedings in respect to the Trustee's Motion and Mr. and Mrs. Mahadeo's opposition thereto, would be expensive and time consuming, that the issues raised in such litigation are complex, and that the outcome of the Adversary Proceeding is currently subject to litigation risk for both the Trustee and Mr. and Mrs. Mahadeo.  In view of the foregoing facts and circumstances, the parties believe that it is in the best interests of the Debtors, of Creditors, and of the bankruptcy estate that the parties compromise their disputes pursuant to F.R.Bankr.P. 9019(a), and that the Debtors' case be dismissed, pursuant to 11 U.S.C. §305(a)(1), without discharge and with prejudice against their filing another Chapter 7 bankruptcy case for a period of two years.  The dismissal of the case without discharge and with two years prejudice will allow creditors of the Debtors to take such action as they may choose in order to seek to reduce their claims to judgment and to execute against whatever property interests the Debtors may have.  The Debtors, for their part, wish to avoid incurring legal expenses in connection with the litigation of the Adversary Proceeding, including any further proceedings in respect of the Motion.

    6.  For all of the reasons set forth above, the parties have entered into the agreement that follows.

**THE PARTIES' AGREEMENT**

7.   The debtors shall pay $5,000 to the estate, in eight monthly payments of $625, by check payable to "Richard E. O'Connell, as Trustee", at the office of the Trustee, commencing on the first day of January, 2012, and continuing on the first day of each month through and including August, 2012.  Such payment shall be made in order to compensate the estate and the Trustee for legal services provided in connection with litigation of the Adversary Proceeding.  The Debtors acknowledge and consent that the Trustee shall make application to the Court for an Order allowing him legal fees in this case and that the Trustee shall apply the aforesaid funds to pay such legal fees as the Court shall allow to him in this case.  To the extent that the Court shall allow to the Trustee legal fees in an amount less than $5,000, the Trustee shall return the unused portion of such funds to the Debtors.

8.   In full settlement of the parties' disputes, and consistent with F.R.Bankr.P. 9019(a), and pursuant to 11 U.S.C. §305(a)(1), the Debtors' case shall be dismissed without discharge and with prejudice against the Debtors' filing another case under Chapter 7 of the Bankruptcy Code, for a period of two years after the entry of an Order dismissing this case.  Notwithstanding the foregoing sentence, within such two year period the debtors shall be entitled to make application to this Court, upon a showing of good cause, for an Order authorizing them to file a petition under Chapter 13 of the Bankruptcy Code.  In the event that the Debtors shall, within such two year prejudice period, file a case under Chapter 13, then the two year prejudice period provided pursuant to the first sentence of this Paragraph shall be lengthened by a period

of time equal to the sum of the period of time between the filing date and the final decree date of such Chapter 13 case.

    9.  Undersigned attorney shall serve this Stipulation with Notice of Presentment upon all parties in interest, and shall docket and file the Stipulation and the Notice of Presentment, with Affidavit of Service.  Not later than five days prior to the presentment date of the Stipulation, Debtors' attorney shall upload this Stipulation to the Court for purposes of the endorsement by the Court of an Order approving its terms.  Entry of such an Order approving its terms shall constitute an Order dismissing the case without discharge and with prejudice as set forth in the preceding paragraph.  Upon entry of the aforesaid Order the trustee shall file with the Court a Notice dismissing the adversary proceeding with prejudice and without costs to either party.  In the event that the Court shall decline to approve this Stipulation, then the litigation of the Adversary Proceeding and the Motion shall continue, and both parties shall reserve all rights, claims and defenses.

    10.  Notwithstanding dismissal of this case, this case shall remain open, and no final decree shall enter, until the Debtors shall have paid the sum of $5,000, and the Court shall retain jurisdic~~a~~tion to enforce the terms of this Order.  In the event that the Debtors shall have failed to pay any monthly installment within ten days after the due date thereof, then the balance then due to the Trustee shall be increased by $1,000, and the Trustee shall be entitled to present to the Court, on ten days notice to the Debtors, an Order denying the Debtors' discharge.  Entry of such an Order shall not relieve the Debtors of the

obligation to pay to the Trustee the full amount provided for herein, over the then remaining number of monthly installments.

Dated:   November 30, 2011

                              <u>s/ Dennis J O'Sullivan, Esq.</u>
                              Attorney for Debtors
                              210-13-35th Avenue
                              Bayside, NY 11361
                              718-352-7600

                              <u>s/Richard E. O'Connell (ROC 7157)</u>
                              Richard E. O'Connell, Trustee
                              24-44 Francis Lewis Boulevard
                              Whitestone, New York 11357
                              718-767-6400

                              <u>s/Irma Mahadeo</u>

                              <u>s/Seecharan Mahadeo</u>



**Dated: Brooklyn, New York**                                    **Jerome Feller**
       **March 1, 2012**                                           **United States Bankruptcy Judge**